IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br>6218 Georgia Avenue, NW, Ste. 1-1235<br>Washington, DC 20011-5125,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, DC  20240,<br><br>        Defendant. | Civil Action No. 24-1099 |

## COMPLAINT

Plaintiff Functional Government Initiative ("FGI") brings this action against Defendant U.S. Department of the Interior ("DOI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FGI is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.  *See* D.C. Code § 29-1102(5).

1

4.     Defendant U.S. Department of the Interior is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1849 C Street, N.W., Washington, DC 20240.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     FGI routinely submits FOIA requests, and this matter concerns four FOIA requests submitted to Defendant on May 5, 2023, to which Defendant has failed to respond.  The requests seek records related to statements made by Secretary of the Interior Deb Haaland during a Senate Committee hearing.  The records sought by these requests would give the public significantly more transparency into the information relied upon by the Secretary in her public statements during the hearing.

6.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to FGI's FOIA requests within 20 working days of each request, but that deadline is extended to no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

7.     Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'"  Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

8.     With regards to FGI's FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA requests.  In fact, as of the

date of this Complaint, Defendant has produced no records and has failed to assert any claims that responsive records are exempt from production.

9. Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

**A.   FGI'S FOIA REQUEST FOR RECORDS TO THE OFFICE OF THE SECRETARY RELATING APPROVAL OF MINING APPLICATIONS.**

10. On May 5, 2023, FGI submitted a FOIA request online to Defendant.  *See* Exhibit A.  The request sought records "from the Office of the Secretary that were provided to Secretary Haaland or used by staff to prepare briefing material in advance of the May 2 hearing that support the Secretary's statement during [that hearing] that the Department has approved '20 mines or mining modification applications since January 2021.'"   The time period covered by the FOIA request was March 2, 2023 to May 3, 2023.

11. In a letter dated May 10, 2023, Defendant acknowledged receipt of the May 5 FOIA request and advised FGI that it had assigned the request tracking number DOI-OS-2023-004395.  *See* Exhibit B.

12. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**B.   FGI'S FOIA REQUEST FOR RECORDS TO THE BUREAU OF LAND MANAGEMENT RELATING APPROVAL OF MINING APPLICATIONS.**

13. On May 5, 2023, FGI submitted a FOIA request online to Defendant.  *See* Exhibit C.  The request sought records "from the Bureau of Land Management that were provided to Secretary Haaland or used by staff to prepare briefing material in advance of the May 2 hearing that support the Secretary's statement during [that hearing] that the Department has approved '20

mines or mining modification applications since January 21.'"  The time period covered by the FOIA request was March 2, 2023 to May 3, 2023.

14. In an email dated May 5, 2023, Defendant acknowledged receipt of the May 5 FOIA request and advised FGI that it had assigned the request tracking number DOI-BLM-2023-004401.  *See* Exhibit D.

15. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

C. **FGI'S FOIA REQUEST FOR RECORDS TO THE OFFICE OF THE SECRETARY RELATING TO JOB CREATION.**

16. On May 5, 2023, FGI submitted a FOIA request online to Defendant.  *See* Exhibit E.  The request sought records "from the Office of the Secretary that were either provided to Secretary Haaland or used by staff to prepare briefing material in preparation for the May 2 hearing in support [of] her statement that the department has created jobs through the programs related to orphan gas wells or abandoned mines."  The time period covered by the FOIA request was March 2, 2023 to May 3, 2023.

17. In a letter dated May 10, 2023, Defendant acknowledged receipt of the May 5 FOIA request and advised FGI that it had assigned the request tracking number DOI-OS-2023-004409.  *See* Exhibit F.

18. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

D. **FGI'S FOIA REQUEST FOR RECORDS TO THE BUREAU OF LAND MANAGEMENT RELATING TO JOB CREATION.**

19. On May 5, 2023, FGI submitted a FOIA request online to Defendant.  *See* Exhibit G.  The request sought records "from the Bureau of Land Management that were either provided

to Secretary Haaland or used by staff to prepare briefing material in preparation for the May 2 hearing in support [of] her statement that the department has created jobs through the programs related to orphan gas wells or abandoned mines." The time period covered by the FOIA request was March 2, 2023 to May 3, 2023.

20. In an email dated May 5, 2023, Defendant acknowledged receipt of the May 5 FOIA request and advised FGI that it had assigned the request tracking number DOI-BLM-2023-004410. *See* Exhibit H.

21. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

22. Plaintiff realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant has failed to make a determination regarding FGI's four FOIA requests for records within the statutory time limit and is unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

24. FGI is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

   a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to FGI's FOIA requests and to demonstrate that it

    employed search methods reasonably likely to lead to the discovery of all records responsive to FGI's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA requests;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

                                                */s/ Jeremiah L. Morgan*
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com

*Counsel for Plaintiff*
Dated: April 17, 2024                        FUNCTIONAL GOVERNMENT INITIATIVE