Exhibit A



**FUNCTIONAL GOVERNMENT
INITIATIVE**

May 5, 2023

Submitted online at https://foiaonline.gov

U.S. Department of the Interior
FOIA Officer
1849 C Street, NW, MS-7328, MIB
Washington, DC 20240

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the
Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA), and the relevant implementing
regulations. FGI, a non-partisan organization, engages in research, investigation, and education
to promote transparency in government. Your prompt response pursuant to the requirements
of FOIA, 5 U.S.C. § 522(a)(6)(A), is appreciated.

BACKGROUND

During a hearing of the Senate Energy and Natural Resources Committee on May 2, 2023,
Secretary Haaland said that the Department of the Interior had processed "20 mines or mining
modification permits since January of 2021" in response to questioning from Senator Josh
Hawley from Missouri. Given recent actions by the department, including shuttering the Twin
Metals mine in Minnesota, approving a land withdraw application that will severely limit or
effectively shut down mining in a Nevada area that reportedly has the largest lithium deposit in
North America, and other actions that limit our domestic supply of energy, the public would
benefit from knowing any factual background behind the secretary's citation.

REQUESTED RECORDS

FGI requests all records from the Office of the Secretary that were provided to Secretary
Haaland or used by staff to prepare briefing material in advance of the May 2 hearing that
support the Secretary's statement during that the Department has approved "20 mines or
mining modification applications since January 2021."

Timeline: March 2, 2023, until May 3, 2023

The term "all records" in this request refers to letters, correspondence, emails including
attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text
messages (including messages on encrypted apps such as Signal or WhatsApp), notes from
meetings and phone calls, minutes of meetings, agendas of meetings, comments, files,
presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations,
telephone records and logs, virtual meeting logs (such as those produced by Microsoft Teams

and Zoom), papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency records" subject to FOIA. This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent practicable, in native file format or, if not practicable, with full metadata for all fields. FOIA provides that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."[1] Please provide records in either a load-ready format with an index in .csv file or Excel spreadsheet, or in PDF format without any portfolios or embedded files and not in a single batched pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[2], and
4. Correlate any redactions with specific exemptions under FOIA.

If you or your office have destroyed or decide to withhold any records that could be reasonably construed to be responsive to this request, please indicate this fact and state the reasons for doing so in your response. Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[3]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justifications may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address

---

[1] 5 U.S.C. § 552(a)(3)(B).
[2] See 5 U.S.C. § 552(b).
[3] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).

below within the statutory time limit.[4]

FGI is willing to receive records on a rolling basis.

To facilitate our request most efficiently, we request that the FOIA office use the agency's email management system as part of the search for this request.

REQUEST FOR FEE WAIVER

Pursuant to 5 U.S.C. § 552 and the relevant FOIA regulations, we request a waiver of fees for searching and producing the requested records. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[5]

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

1. THE REQUEST IS IN THE PUBLIC INTEREST.

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

- A. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
- B. Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and
- C. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

This request relates to the operations and activities of federal government. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed

---

[4] 5 U.S.C. § 552(b).
[5] 5 U.S.C. § 552(a)(4)(A)(iii).

by a federal agency will meet this threshold."[6] Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

Disclosure of the requested records will certainly contribute to public understanding of information the Secretary presented during a Senate hearing. Once the information is made available, FGI will evaluate the information and present it to its followers and make it available to the public.

FGI is not requesting these records merely for their intrinsic informational value. The public is always well served when it knows how the government conducts its activities, and the requested records would provide insight in how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way.

Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience by means discussed below. A broad audience follows the work of the Department of the Interior, and the hearing with Secretary Haaland on May 2, 2023, was covered by several media outlets.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor.

2. <u>FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.</u>

FGI is a non-partisan organization that researches government operations and informs the public its findings. Access to information about the activities and decisions of government officials is vital to fulfilling this mission. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other platforms, to share information. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

Through these means, FGI's dissemination of the information will do the following:

- Ensure that the information requested contributes significantly to the public's understanding of the government's operations or activities,

---

[6] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf

- Ensure that the information enhances the public's understanding to a greater degree than currently exists,
- Demonstrate that FGI possesses the expertise to explain the requested information to the public,
- Demonstrate that FGI possesses the ability to make the requested information accessible to the general public, and
- Demonstrate that the news media recognizes FGI as a reliable source in the relevant fields.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[7] FGI need not show how it intends to distribute the information, because, as the court noted, "nothing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity."[8] It is sufficient for FGI to show how it distributes information to the public generally.[9]

### 3. OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization. FGI has no commercial interest and will realize no commercial benefit from the release of the requested records.

### 4. FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[10]  In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[11] [12]

In interpreting this test, the court noted that "the news-media waiver... focuses on the nature of the *requester*, not its request."[13] Accordingly, when a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[14] Moreover, the media entity waiver applies to newer organizations as well as older ones, as the

---

[7] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).

[8] *Judicial Watch*, 326 F.3d at 1314.

[9] *Id.*

[10] 5 U.S.C. § 552(a)(4)(A)(ii).

[11] 799 F.3d 1108, 1120 (D.C. Cir. 2015).

[12] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120. For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.

[13] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).

[14] *Id.*

court noted: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[15]

### A. FGI gathers information of potential interest.

FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a government that serves the public, a strong workforce, and a safe and clean environment. As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency. These are topics of broad public interest, as evidenced by the fact that multiple news outlets have written stories on FGI's work. You can see several FGI's media mentions at https://functionalgovernment.org/category/media-mentions/.

### B. FGI gathers information of interest to a segment of the public.

As demonstrated above, the information that FGI gathers is of interest to a segment of the public. This includes but is not limited to the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[16] Moreover, as long as FGI "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[17]

As set forth above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the population.

### C. FGI uses its editorial skills to turn raw materials into distinct works.

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[18] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[19]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works. It

---

[15] *Id.* at 1124.
[16] *Cause of Action*, 799 F.3d at 1121.
[17] *Id.*
[18] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).
[19] *Id.*

routinely issues substantive press releases detailing its activities, posted at functionalgovernment.org. These press releases have included substantive analysis of the information gathered by FGI with a significant degree of editorial discretion. FGI has also prepared detailed reports, posted on its website, and FGI provides substantive editorial comment to other journalists, with many news clips posted on website, as well.

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information. Thus, FGI meets this test.

### D. FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[20] Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person… beyond requiring that a person or entity have readers (or listeners or viewers), the statute does not specify what size the audience must be."[21] Additionally, "[t]he fact that [a media entity's] readership is relatively small … is irrelevant."[22]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[23]

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[24]

FGI will continue to use its website to distribute original editorial content, including press releases.  FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly. In addition, FGI has durable relationships with a broad network of reporters, bloggers, and media publications interested in its content and with whom FGI has partnered to distribute its distinct editorial commentary.

Accordingly, FGI distributes its work to an audience.

### E. FGI qualifies as a representative of the news media.

Under the applicable law, a government accountability group such as FGI qualifies as a media

---

[20] *Cause of Action*, 799 F.3d at 1123.
[21] *Id*. at 1124 (footnote omitted).
[22] *Id*. at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).
[23] *Id*. at 1124.
[24] *Id*. at 1125 (citations omitted).

organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even if an organization does not have a long track record.

Accordingly, under the standard set forth in FOIA and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

<u>FGI QUALIFIES FOR A FULL FEE WAIVER.</u>

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We anticipate that you will promptly grant our fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. Records and any related correspondence should be sent to my attention to the email address below.

Sincerely,


Chris Stanley
Director
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
chris@functionalgovernment.org

Exhibit B



**United States Department of the Interior**
OFFICE OF THE SECRETARY
Washington, DC 20240

May 10, 2023

Via Electronic Mail: chris@functionalgovernment.org

Chris Stanley
Functional Government Initiative
6218 Georgia Avenue NW Ste 1 - 1235
Washington, DC 20011

RE: Freedom of Information Act (FOIA) Request No. DOI-OS-2023-004395

Dear Chris Stanley**:**

The Office of the Secretary (OS) FOIA Office received your FOIA request, dated May 5, 2023, on May 5, 2023 and assigned it control number DOI-OS-2023-004395.  Please cite this number in any future communications with our office regarding your request.

### Description of the Requested Records

You requested:

> "All records from the Office of the Secretary that were provided to Secretary Haaland or used by staff to prepare briefing material in advance of the May 2 hearing that support the Secretary's statement during that the Department has approved "20 mines or mining modification applications since January 2021."
> Timeline: March 2, 2023, until May 3, 2023."

### Fee Category

We classified you as an "other-use" requester.  As such, we may charge you for some of our search and duplication costs, but we will not charge you for our review costs; you are also entitled to up to 2 hours of search time and 100 pages of photocopies (or an equivalent volume) for free.  *See* 43 C.F.R. § 2.39.  If, after taking into consideration your fee category entitlements, our processing costs are less than $50.00, we will not bill you because the cost of collection would be greater than the fee collected.  *See* 43 C.F.R. § 2.37(g).

You agreed to pay up to $50 for the processing of your request.  If we find that this will not cover the cost of processing your request, we will stop processing your request at the point this amount has been reached and will let you know before we incur additional charges.  You can then either agree to pay the additional amount needed or narrow the scope of your request.

**Fee Waiver**

You asked us to waive the fees for processing your request. Because of your entitlements, we do not anticipate there will be billable fees for processing your request, so there is no need for us to address your request for a fee waiver.

**Processing Track**

We use Multitrack Processing to process FOIA requests. Within each track, requests are usually processed on a first-in, first-out basis.

Your request falls into the Normal processing track. *See 43 C.F.R. §§ 2.14, .15*

**Extension—Ten Workdays**

Because we will need to search for and collect requested records from field facilities or other units that are separate from the office processing the request, we are taking a 10-workday extension under *43 C.F.R. § 2.19*.

You can expect to hear from us promptly regarding the outcome of this search.

**Conclusion**

If you have any questions about this letter, you may contact me by email at os_foia@ios.doi.gov, or by mail at U.S. Department of the Interior, 1849 C Street, NW, MS-7328, Washington, D.C. 20240. Additionally, contact information for the Department's FOIA Requester Centers and FOIA Public Liaison is available at *https://www.doi.gov/foia/foiacenters.*

Sincerely,

Leah Fairman
Acting FOIA Officer
Office of the Secretary
FOIA Office

Electronic Enclosure

Exhibit C



**FUNCTIONAL GOVERNMENT
INITIATIVE**

May 5, 2023

<u>Submitted online at</u> <u>https://foiaonline.gov</u>

U.S. Department of the Interior
BLM FOIA Officer, Attn: FOIA, Washington Office Coordinators
MS-WO-640, 1849 C Street, NW
Washington, DC 20240

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA), and the relevant implementing regulations. FGI, a non-partisan organization, engages in research, investigation, and education to promote transparency in government. Your prompt response pursuant to the requirements of FOIA, 5 U.S.C. § 522(a)(6)(A), is appreciated.

<u>BACKGROUND</u>

During a hearing of the Senate Energy and Natural Resources Committee on May 2, 2023, Secretary Haaland said that the Department of the Interior had processed "20 mines or mining modification permits since January of 2021" in response to questioning from Senator Josh Hawley from Missouri. Given recent actions by the department, including shuttering the Twin Metals mine in Minnesota, approving a land withdraw application that will severely limit or effectively shut down mining in a Nevada area that reportedly has the largest lithium deposit in North America, and other actions that limit our domestic supply of energy, the public would benefit from knowing any factual background behind the secretary's citation.

<u>REQUESTED RECORDS</u>

FGI requests all records from the Bureau of Land Management that were provided to Secretary Haaland or used by staff to prepare briefing material in advance of the May 2 hearing that support the Secretary's statement during that the Department has approved "20 mines or mining modification applications since January 2021."

Timeline: March 2, 2023, until May 3, 2023

The term "all records" in this request refers to letters, correspondence, emails including attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text messages (including messages on encrypted apps such as Signal or WhatsApp), notes from meetings and phone calls, minutes of meetings, agendas of meetings, comments, files, presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations, telephone records and logs, virtual meeting logs (such as those produced by Microsoft Teams and Zoom), papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency

records" subject to FOIA. This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent practicable, in native file format or, if not practicable, with full metadata for all fields. FOIA provides that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."[1] Please provide records in either a load-ready format with an index in .csv file or Excel spreadsheet, or in PDF format without any portfolios or embedded files and not in a single batched pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[2], and
4. Correlate any redactions with specific exemptions under FOIA.

If you or your office have destroyed or decide to withhold any records that could be reasonably construed to be responsive to this request, please indicate this fact and state the reasons for doing so in your response. Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[3]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justifications may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[4]

FGI is willing to receive records on a rolling basis.

To facilitate our request most efficiently, we request that the FOIA office use the agency's email

---

[1] 5 U.S.C. § 552(a)(3)(B).
[2] See 5 U.S.C. § 552(b).
[3] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[4] 5 U.S.C. § 552(b).

management system as part of the search for this request.

REQUEST FOR FEE WAIVER

Pursuant to 5 U.S.C. § 552 and the relevant FOIA regulations, we request a waiver of fees for searching and producing the requested records. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." [5]

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

1. THE REQUEST IS IN THE PUBLIC INTEREST.

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

    A. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
    B. Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and
    C. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

This request relates to the operations and activities of federal government. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[6] Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

Disclosure of the requested records will certainly contribute to public understanding of information the Secretary presented during a Senate hearing. Once the information is made available, FGI will evaluate the information and present it to its followers and make it available to the public.

FGI is not requesting these records merely for their intrinsic informational value. The public is

---

[5] 5 U.S.C. § 552(a)(4)(A)(iii).
[6] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf

3

always well served when it knows how the government conducts its activities, and the requested records would provide insight in how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way.

Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience by means discussed below. A broad audience follows the work of the Department of the Interior, and the hearing with Secretary Haaland on May 2, 2023, was covered by several media outlets.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor.

### 2. FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.

FGI is a non-partisan organization that researches government operations and informs the public its findings. Access to information about the activities and decisions of government officials is vital to fulfilling this mission. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other platforms, to share information. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

Through these means, FGI's dissemination of the information will do the following:

- Ensure that the information requested contributes significantly to the public's understanding of the government's operations or activities,
- Ensure that the information enhances the public's understanding to a greater degree than currently exists,
- Demonstrate that FGI possesses the expertise to explain the requested information to the public,
- Demonstrate that FGI possesses the ability to make the requested information accessible to the general public, and
- Demonstrate that the news media recognizes FGI as a reliable source in the relevant fields.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[7] FGI need not show how it intends to distribute the information, because, as the court noted, "nothing in FOIA, the [agency] regulation,

---

[7] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).

or our case law require[s] such pointless specificity."[8] It is sufficient for FGI to show how it distributes information to the public generally.[9]

### 3. OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization. FGI has no commercial interest and will realize no commercial benefit from the release of the requested records.

### 4. FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[10]  In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[11] [12]

In interpreting this test, the court noted that "the news-media waiver… focuses on the nature of the *requester*, not its request."[13] Accordingly, when a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[14]  Moreover, the media entity waiver applies to newer organizations as well as older ones, as the court noted: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[15]

### A. FGI gathers information of potential interest.

FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a government that serves the public, a strong workforce, and a safe and clean environment. As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency. These are topics of broad public interest, as evidenced by the fact that multiple news outlets have written stories on FGI's work. You can see several FGI's media mentions at https://functionalgovernment.org/category/media-mentions/.

### B. FGI gathers information of interest to a segment of the public.

As demonstrated above, the information that FGI gathers is of interest to a segment of the public.

---

[8] *Judicial Watch*, 326 F.3d at 1314.

[9] *Id*.

[10] 5 U.S.C. § 552(a)(4)(A)(ii).

[11] 799 F.3d 1108, 1120 (D.C. Cir. 2015).

[12] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120. For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.

[13] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).

[14] *Id*.

[15] *Id*. at 1124.

This includes but is not limited to the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[16] Moreover, as long as FGI "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[17]

As set forth above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the population.

### C. FGI uses its editorial skills to turn raw materials into distinct works.

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[18] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[19]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works. It routinely issues substantive press releases detailing its activities, posted at functionalgovernment.org. These press releases have included substantive analysis of the information gathered by FGI with a significant degree of editorial discretion. FGI has also prepared detailed reports, posted on its website, and FGI provides substantive editorial comment to other journalists, with many news clips posted on website, as well.

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information. Thus, FGI meets this test.

### D. FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[20] Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person... beyond requiring that a person or entity have readers (or listeners or viewers), the statute does not specify what size the audience must

---

[16] *Cause of Action*, 799 F.3d at 1121.
[17] *Id.*
[18] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).
[19] *Id.*
[20] *Cause of Action*, 799 F.3d at 1123.

be."[21] Additionally, "[t]he fact that [a media entity's] readership is relatively small ... is irrelevant."[22]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[23]

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[24]

FGI will continue to use its website to distribute original editorial content, including press releases. FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly. In addition, FGI has durable relationships with a broad network of reporters, bloggers, and media publications interested in its content and with whom FGI has partnered to distribute its distinct editorial commentary.

Accordingly, FGI distributes its work to an audience.

### E. FGI qualifies as a representative of the news media.

Under the applicable law, a government accountability group such as FGI qualifies as a media organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even if an organization does not have a long track record.

Accordingly, under the standard set forth in FOIA and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

<u>FGI QUALIFIES FOR A FULL FEE WAIVER.</u>

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We anticipate that you will promptly grant our fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. Records and any related correspondence should be sent to my attention to the email address below.

Sincerely,

Chris Stanley

---

[21] *Id*. at 1124 (footnote omitted).
[22] *Id*. at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).
[23] *Id*. at 1124.
[24] *Id*. at 1125 (citations omitted).

Director
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
chris@functionalgovernment.org

Exhibit D

**From:** admin@foiaonline.gov
**Subject:** FOIA Request DOI-BLM-2023-004401 Submitted
**Date:** May 5, 2023 at 10:49 PM
**To:** chris@functionalgovernment.org

A

---

This message is to confirm your request submission to the FOIAonline application: View Request. Request information is as follows:

- Tracking Number: DOI-BLM-2023-004401
- Requester Name: Mr. Chris Stanley
- Date Submitted: 05/05/2023
- Request Status: Submitted
- Description: FGI requests all records from the Bureau of Land Management that were provided to Secretary Haaland or used by staff to prepare briefing material in advance of the May 2 hearing that support the Secretary's statement during that the Department has approved "20 mines or mining modification applications since January 2021."

Timeline: March 2, 2023, until May 3, 2023

The term "all records" in this request refers to letters, correspondence, emails including attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text messages (including messages on encrypted apps such as Signal or WhatsApp), notes from meetings and phone calls, minutes of meetings, agendas of meetings, comments, files, presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations, telephone records and logs, virtual meeting logs (such as those produced by Microsoft Teams and Zoom), papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency records" subject to FOIA. This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

Please see the request letter for more details.

Exhibit E



**FUNCTIONAL GOVERNMENT**
**INITIATIVE**

May 5, 2023

Submitted online at https://foiaonline.gov

U.S. Department of the Interior
FOIA Officer
1849 C Street, NW, MS-7328, MIB
Washington, DC 20240

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA), and the relevant implementing regulations. FGI, a non-partisan organization, engages in research, investigation, and education to promote transparency in government. Your prompt response pursuant to the requirements of FOIA, 5 U.S.C. § 522(a)(6)(A), is appreciated.

## BACKGROUND

During a hearing of the Senate Energy and Natural Resources Committee on May 2, 2023, Secretary Haaland said the department had created jobs through department programs related to orphan gas wells and abandoned mines. During that exchange, she did not mention any jobs created through the department's programs to approve energy development or mining operations that support domestic sources of energy and minerals.

## REQUESTED RECORDS

FGI requests all records from the Office of the Secretary that were either provided to Secretary Haaland or used by staff to prepare briefing material in preparation for the May 2 hearing in support her statement that the department has created jobs through the programs related to orphan gas wells or abandoned mines.

Timeline: March 2, 2023, until May 3, 2023

The term "all records" in this request refers to letters, correspondence, emails including attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text messages (including messages on encrypted apps such as Signal or WhatsApp), notes from meetings and phone calls, minutes of meetings, agendas of meetings, comments, files, presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations, telephone records and logs, virtual meeting logs (such as those produced by Microsoft Teams and Zoom), papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency records" subject to FOIA. This request is not meant to exclude any other

records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent practicable, in native file format or, if not practicable, with full metadata for all fields. FOIA provides that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."[1] Please provide records in either a load-ready format with an index in .csv file or Excel spreadsheet, or in PDF format without any portfolios or embedded files and not in a single batched pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[2], and
4. Correlate any redactions with specific exemptions under FOIA.

If you or your office have destroyed or decide to withhold any records that could be reasonably construed to be responsive to this request, please indicate this fact and state the reasons for doing so in your response. Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[3]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justifications may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[4]

FGI is willing to receive records on a rolling basis.

---

[1] 5 U.S.C. § 552(a)(3)(B).
[2] See 5 U.S.C. § 552(b).
[3] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[4] 5 U.S.C. § 552(b).

To facilitate our request most efficiently, we request that the FOIA office use the agency's email management system as part of the search for this request.

REQUEST FOR FEE WAIVER

Pursuant to 5 U.S.C. § 552 and the relevant FOIA regulations, we request a waiver of fees for searching and producing the requested records. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[5]

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

1. THE REQUEST IS IN THE PUBLIC INTEREST.

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

A. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
B. Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and
C. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

This request relates to the operations and activities of federal government. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[6] Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

---

[5] 5 U.S.C. § 552(a)(4)(A)(iii).
[6] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf

Disclosure of the requested records will certainly contribute to public understanding of information the Secretary presented during a Senate hearing. Once the information is made available, FGI will evaluate the information and present it to its followers and make it available to the public.

FGI is not requesting these records merely for their intrinsic informational value. The public is always well served when it knows how the government conducts its activities, and the requested records would provide insight in how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way.

Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience by means discussed below. A broad audience follows the work of the Department of the Interior, and the hearing with Secretary Haaland on May 2, 2023, was covered by several media outlets.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor.

2. <u>FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.</u>

FGI is a non-partisan organization that researches government operations and informs the public its findings. Access to information about the activities and decisions of government officials is vital to fulfilling this mission. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other platforms, to share information. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

Through these means, FGI's dissemination of the information will do the following:

- Ensure that the information requested contributes significantly to the public's understanding of the government's operations or activities,
- Ensure that the information enhances the public's understanding to a greater degree than currently exists,
- Demonstrate that FGI possesses the expertise to explain the requested information to the public,
- Demonstrate that FGI possesses the ability to make the requested information

accessible to the general public, and

- Demonstrate that the news media recognizes FGI as a reliable source in the relevant fields.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[7] FGI need not show how it intends to distribute the information, because, as the court noted, "nothing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity."[8] It is sufficient for FGI to show how it distributes information to the public generally.[9]

### 3. OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization. FGI has no commercial interest and will realize no commercial benefit from the release of the requested records.

### 4. FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[10] In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[11] [12]

In interpreting this test, the court noted that "the news-media waiver… focuses on the nature of the *requester*, not its request."[13] Accordingly, when a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[14] Moreover, the media entity waiver applies to newer organizations as well as older ones, as the court noted: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[15]

### A. FGI gathers information of potential interest.

---

[7] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).
[8] *Judicial Watch*, 326 F.3d at 1314.
[9] *Id.*
[10] 5 U.S.C. § 552(a)(4)(A)(ii).
[11] 799 F.3d 1108, 1120 (D.C. Cir. 2015).
[12] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120. For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.
[13] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).
[14] *Id.*
[15] *Id.* at 1124.

FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a government that serves the public, a strong workforce, and a safe and clean environment. As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency. These are topics of broad public interest, as evidenced by the fact that multiple news outlets have written stories on FGI's work. You can see several FGI's media mentions at https://functionalgovernment.org/category/media-mentions/.

### B. FGI gathers information of interest to a segment of the public.

As demonstrated above, the information that FGI gathers is of interest to a segment of the public. This includes but is not limited to the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[16] Moreover, as long as FGI "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[17]

As set forth above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the population.

### C. FGI uses its editorial skills to turn raw materials into distinct works.

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[18] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[19]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works. It routinely issues substantive press releases detailing its activities, posted at functionalgovernment.org. These press releases have included substantive analysis of the information gathered by FGI with a significant degree of editorial discretion. FGI has also prepared detailed reports, posted on its website, and FGI provides substantive editorial comment to other journalists, with many news clips posted on website, as well.

---

[16] *Cause of Action*, 799 F.3d at 1121.

[17] *Id.*

[18] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).

[19] *Id.*

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information. Thus, FGI meets this test.

### D. FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[20] Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person… beyond requiring that a person or entity have readers (or listeners or viewers), the statute does not specify what size the audience must be."[21] Additionally, "[t]he fact that [a media entity's] readership is relatively small … is irrelevant."[22]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[23]

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[24]

FGI will continue to use its website to distribute original editorial content, including press releases.  FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly. In addition, FGI has durable relationships with a broad network of reporters, bloggers, and media publications interested in its content and with whom FGI has partnered to distribute its distinct editorial commentary.

Accordingly, FGI distributes its work to an audience.

### E. FGI qualifies as a representative of the news media.

Under the applicable law, a government accountability group such as FGI qualifies as a media organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even if an organization does not have a long track record.

---

[20] *Cause of Action*, 799 F.3d at 1123.
[21] *Id*. at 1124 (footnote omitted).
[22] *Id*. at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).
[23] *Id*. at 1124.
[24] *Id*. at 1125 (citations omitted).

Accordingly, under the standard set forth in FOIA and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

<u>FGI QUALIFIES FOR A FULL FEE WAIVER.</u>

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We anticipate that you will promptly grant our fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. Records and any related correspondence should be sent to my attention to the email address below.

Sincerely,

Chris Stanley
Director
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
chris@functionalgovernment.org

Exhibit F



# United States Department of the Interior
### OFFICE OF THE SECRETARY
#### Washington, DC 20240

May 10, 2023

Via Electronic Mail: chris@functionalgovernment.org

Chris Stanley
Functional Government Initiative
6218 Georgia Avenue NW, Ste. 1 - 1235
Washington, DC 20011

RE: Freedom of Information Act (FOIA) Request No. DOI-OS-2023-004409

Dear Chris Stanley**:**

The Office of the Secretary (OS) FOIA Office received your FOIA request, dated May 5, 2023, on May 5, 2023 and assigned it control number DOI-OS-2023-004409.  Please cite this number in any future communications with our office regarding your request.

## Description of the Requested Records

You requested:

> "All records from the Office of the Secretary that were either provided to Secretary Haaland or used by staff to prepare briefing material in preparation for the May 2 hearing in support her statement that the department has created jobs through the programs related to orphan gas wells or abandoned mines.
> Timeline: March 2, 2023, until May 3, 2023."

## Fee Category

We classified you as an "other-use" requester.  As such, we may charge you for some of our search and duplication costs, but we will not charge you for our review costs; you are also entitled to up to 2 hours of search time and 100 pages of photocopies (or an equivalent volume) for free.  *See* 43 C.F.R. § 2.39.  If, after taking into consideration your fee category entitlements, our processing costs are less than $50.00, we will not bill you because the cost of collection would be greater than the fee collected.  *See* 43 C.F.R. § 2.37(g).

You agreed to pay up to $50 for the processing of your request.  If we find that this will not cover the cost of processing your request, we will stop processing your request at the point this amount has been reached and will let you know before we incur additional charges.  You can then either agree to pay the additional amount needed or narrow the scope of your request.

**Fee Waiver**

You asked us to waive the fees for processing your request.  Because of your entitlements, we do not anticipate there will be billable fees for processing your request, so there is no need for us to address your request for a fee waiver.

**Processing Track**

We use Multitrack Processing to process FOIA requests.  Within each track, requests are usually processed on a first-in, first-out basis.

Your request falls into the Normal processing track.  *See 43 C.F.R. §§ 2.14, .15*

**Extension—Ten Workdays**

Because we will need to search for and collect requested records from field facilities or other units that are separate from the office processing the request, we are taking a 10-workday extension under *43 C.F.R. § 2.19*.

You can expect to hear from us promptly regarding the outcome of this search.

**Conclusion**

If you have any questions about this letter, you may contact me by email at os_foia@ios.doi.gov, or by mail at U.S. Department of the Interior, 1849 C Street, NW, MS-7328, Washington, D.C. 20240.  Additionally, contact information for the Department's FOIA Requester Centers and FOIA Public Liaison is available at *https://www.doi.gov/foia/foiacenters.*

Sincerely,

Leah Fairman
Acting FOIA Officer
Office of the Secretary
FOIA Office

Electronic Enclosure

Exhibit G



**FUNCTIONAL GOVERNMENT
INITIATIVE**

May 5, 2023

Submitted online at https://foiaonline.gov

U.S. Department of the Interior
BLM FOIA Officer, Attn: FOIA, Washington Office Coordinators
MS-WO-640, 1849 C Street, NW
Washington, DC 20240

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the
Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA), and the relevant implementing
regulations. FGI, a non-partisan organization, engages in research, investigation, and education
to promote transparency in government. Your prompt response pursuant to the requirements
of FOIA, 5 U.S.C. § 522(a)(6)(A), is appreciated.

<u>BACKGROUND</u>

During a hearing of the Senate Energy and Natural Resources Committee on May 2, 2023,
Secretary Haaland said the department had created jobs through department programs related
to orphan gas wells and abandoned mines. During that exchange, she did not mention any jobs
created through the department's programs to approve energy development or mining
operations that support domestic sources of energy and minerals.

<u>REQUESTED RECORDS</u>

FGI requests all records from the Bureau of Land Management that were either provided to
Secretary Haaland or used by staff to prepare briefing material in preparation for the May 2
hearing in support her statement that the department has created jobs through the programs
related to orphan gas wells or abandoned mines.

Timeline: March 2, 2023, until May 3, 2023

The term "all records" in this request refers to letters, correspondence, emails including
attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text
messages (including messages on encrypted apps such as Signal or WhatsApp), notes from
meetings and phone calls, minutes of meetings, agendas of meetings, comments, files,
presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations,
telephone records and logs, virtual meeting logs (such as those produced by Microsoft Teams
and Zoom), papers (published or unpublished), reports, studies, photographs and other images,
databases, data, maps, or all other responsive records in draft or final form that fall within the
definition of "agency records" subject to FOIA. This request is not meant to exclude any other

records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent practicable, in native file format or, if not practicable, with full metadata for all fields. FOIA provides that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."[1] Please provide records in either a load-ready format with an index in .csv file or Excel spreadsheet, or in PDF format without any portfolios or embedded files and not in a single batched pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[2], and
4. Correlate any redactions with specific exemptions under FOIA.

If you or your office have destroyed or decide to withhold any records that could be reasonably construed to be responsive to this request, please indicate this fact and state the reasons for doing so in your response. Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[3]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justifications may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[4]

FGI is willing to receive records on a rolling basis.

---

[1] 5 U.S.C. § 552(a)(3)(B).
[2] See 5 U.S.C. § 552(b).
[3] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[4] 5 U.S.C. § 552(b).

To facilitate our request most efficiently, we request that the FOIA office use the agency's email management system as part of the search for this request.

REQUEST FOR FEE WAIVER

Pursuant to 5 U.S.C. § 552 and the relevant FOIA regulations, we request a waiver of fees for searching and producing the requested records. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[5]

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

1. THE REQUEST IS IN THE PUBLIC INTEREST.

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

A. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
B. Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and
C. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

This request relates to the operations and activities of federal government. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[6] Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

---

[5] 5 U.S.C. § 552(a)(4)(A)(iii).
[6] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf

Disclosure of the requested records will certainly contribute to public understanding of information the Secretary presented during a Senate hearing. Once the information is made available, FGI will evaluate the information and present it to its followers and make it available to the public.

FGI is not requesting these records merely for their intrinsic informational value. The public is always well served when it knows how the government conducts its activities, and the requested records would provide insight in how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way.

Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience by means discussed below. A broad audience follows the work of the Department of the Interior, and the hearing with Secretary Haaland on May 2, 2023, was covered by several media outlets.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor.

2. <u>FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.</u>

FGI is a non-partisan organization that researches government operations and informs the public its findings. Access to information about the activities and decisions of government officials is vital to fulfilling this mission. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other platforms, to share information. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

Through these means, FGI's dissemination of the information will do the following:

- Ensure that the information requested contributes significantly to the public's understanding of the government's operations or activities,
- Ensure that the information enhances the public's understanding to a greater degree than currently exists,
- Demonstrate that FGI possesses the expertise to explain the requested information to the public,
- Demonstrate that FGI possesses the ability to make the requested information

accessible to the general public, and

- Demonstrate that the news media recognizes FGI as a reliable source in the relevant fields.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[7] FGI need not show how it intends to distribute the information, because, as the court noted, "nothing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity."[8] It is sufficient for FGI to show how it distributes information to the public generally.[9]

### 3. OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization. FGI has no commercial interest and will realize no commercial benefit from the release of the requested records.

### 4. FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[10]  In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[11] [12]

In interpreting this test, the court noted that "the news-media waiver… focuses on the nature of the *requester*, not its request."[13] Accordingly, when a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[14] Moreover, the media entity waiver applies to newer organizations as well as older ones, as the court noted: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[15]

**A.  FGI gathers information of potential interest.**

---

[7] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).

[8] *Judicial Watch*, 326 F.3d at 1314.

[9] *Id*.

[10] 5 U.S.C. § 552(a)(4)(A)(ii).

[11] 799 F.3d 1108, 1120 (D.C. Cir. 2015).

[12] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120. For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.

[13] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).

[14] *Id*.

[15] *Id.* at 1124.

FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a government that serves the public, a strong workforce, and a safe and clean environment. As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency. These are topics of broad public interest, as evidenced by the fact that multiple news outlets have written stories on FGI's work. You can see several FGI's media mentions at https://functionalgovernment.org/category/media-mentions/.

### B. FGI gathers information of interest to a segment of the public.

As demonstrated above, the information that FGI gathers is of interest to a segment of the public. This includes but is not limited to the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[16] Moreover, as long as FGI "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[17]

As set forth above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the population.

### C. FGI uses its editorial skills to turn raw materials into distinct works.

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[18] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[19]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works. It routinely issues substantive press releases detailing its activities, posted at functionalgovernment.org. These press releases have included substantive analysis of the information gathered by FGI with a significant degree of editorial discretion. FGI has also prepared detailed reports, posted on its website, and FGI provides substantive editorial comment to other journalists, with many news clips posted on website, as well.

---

[16] *Cause of Action*, 799 F.3d at 1121.

[17] *Id.*

[18] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).

[19] *Id.*

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information. Thus, FGI meets this test.

### D.  FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[20] Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person… beyond requiring that a person or entity have readers (or listeners or viewers), the statute does not specify what size the audience must be."[21] Additionally, "[t]he fact that [a media entity's] readership is relatively small … is irrelevant."[22]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[23]

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[24]

FGI will continue to use its website to distribute original editorial content, including press releases.  FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly. In addition, FGI has durable relationships with a broad network of reporters, bloggers, and media publications interested in its content and with whom FGI has partnered to distribute its distinct editorial commentary.

Accordingly, FGI distributes its work to an audience.

### E.  FGI qualifies as a representative of the news media.

Under the applicable law, a government accountability group such as FGI qualifies as a media organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even if an organization does not have a long track record.

---

[20] *Cause of Action*, 799 F.3d at 1123.

[21] *Id*. at 1124 (footnote omitted).

[22] *Id*. at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).

[23] *Id*. at 1124.

[24] *Id*. at 1125 (citations omitted).

Accordingly, under the standard set forth in FOIA and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

<u>FGI QUALIFIES FOR A FULL FEE WAIVER.</u>

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We anticipate that you will promptly grant our fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. Records and any related correspondence should be sent to my attention to the email address below.

Sincerely,


Chris Stanley
Director
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
chris@functionalgovernment.org

Exhibit H

**From:** admin@foiaonline.gov
**Subject:** FOIA Request DOI-BLM-2023-004410 Submitted
**Date:** May 5, 2023 at 11:04 PM
**To:** chris@functionalgovernment.org

This message is to confirm your request submission to the FOIAonline application: <u>View Request</u>. Request information is as follows:

- Tracking Number: DOI-BLM-2023-004410
- Requester Name: Mr. Chris Stanley
- Date Submitted: 05/05/2023
- Request Status: Submitted
- Description: FGI requests all records from the Bureau of Land Management that were either provided to Secretary Haaland or used by staff to prepare briefing material in preparation for the May 2 hearing in support her statement that the department has created jobs through the programs related to orphan gas wells or abandoned mines.

  Timeline: March 2, 2023, until May 3, 2023


  The term "all records" in this request refers to letters, correspondence, emails including attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text messages (including messages on encrypted apps such as Signal or WhatsApp), notes from meetings and phone calls, minutes of meetings, agendas of meetings, comments, files, presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations, telephone records and logs, virtual meeting logs (such as those produced by Microsoft Teams and Zoom), papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency records" subject to FOIA. This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

  Please see the request letter for more details.