UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br><br>       Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE INTERIOR,<br><br>       Defendant. | Civil Action No. 24-1099 (DLF) |

## **ANSWER**

Defendant United States Department of the Interior (the "Department" or "Defendant"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiff Functional Government Initiative's Complaint, ECF No. 1, in this Freedom of Information Act ("FOIA") case. Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant reserves their right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

## JURISDICTION AND VENUE[1]

1. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

2. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that venue can be found in this judicial district.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant admits that the Department of the Interior is an agency within the meaning of 5 U.S.C. §552(f)(1) and is headquartered at 1849 C Street, N.W., Washington, DC 20240. The remainder of the paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, denied.

## STATEMENT OF FACTS

5. Defendant admits that Plaintiff submitted FOIA requests to the Defendant on May 5, 2023. The remainder of this paragraph consists of Plaintiff's characterization of its requests, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the Plaintiff's requests for a full and accurate statement of its contents and denies any inconsistencies therewith.

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6. This paragraph consists of Plaintiff's characterization of the FOIA, to which no response is required. Defendant respectfully refers the Court to the statute and denies all allegations inconsistent therewith.

7. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8. Defendant admits that as of the date of the Complaint, Defendant had released no records responsive to Plaintiff's requests, however, Defendant avers that on or about May 10, 2024, Defendant processed and released 27 pages in full or in part to Plaintiff. Defendant respectfully refers the Court to the May 10, 2024, release letter for a full and accurate statement of its contents and denies any inconsistencies therewith.

9. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent any response is required, Defendant admits that it has not issued its final response as of the filing of this Answer.

### A. FGI's FOIA REQUEST FOR RECORDS TO THE OFFICE OF THE SECRETARY RELATING [TO]APPROVAL OF MINING APPLICATIONS

10. Defendant admits that Plaintiff submitted a FOIA request to the Defendant on May 5, 2023. The remainder of this paragraph consists of Plaintiff's characterization of its request, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the Plaintiff's request for a full and accurate statement of its contents and denies any inconsistencies therewith.

11. Defendant admits that it sent an acknowledgement letter to Plaintiff on or about May 5, 2023. The remainder of this paragraph consists of Plaintiff's characterization of Defendant's letter, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any inconsistencies therewith.

12. Defendant admits that as of the date of the Complaint no records pertaining to this request had been processed, however Defendant avers that responsive records were released on May 10, 2024.

### B. FGI's FOIA REQUEST FOR RECORDS TO THE BUREAU OF LAND MANAGEMENT RELATING [TO] APPROVAL OF MINING APPLICATIONS

13. Defendant admits that Plaintiff submitted a FOIA request to the Bureau of Land Management (BLM) on May 5, 2023. The remainder of this paragraph consists of Plaintiff's characterization of its request, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the Plaintiff's request for a full and accurate statement of its contents and denies any inconsistencies therewith.

14. Defendant admits that an acknowledgement letter was sent to Plaintiff confirming receipt of the FOIA request. The remainder of this paragraph consists of Plaintiff's characterization of the letter, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any inconsistencies therewith.

15. Defendant admits as of the date of the Complaint no records pertaining to this request had been processed, however Defendant avers that responsive records were released on May 10, 2024.

### C. FGI'S FOIA REQUEST FOR RECORDS TO THE OFFICE OF THE SECRETARY RELATING TO JOB CREATION

16. Defendant admits that Plaintiff submitted a FOIA request to the Defendant on May 5, 2023. The remainder of this paragraph consists of Plaintiff's characterization of its request, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the Plaintiff's request for a full and accurate statement of its contents and denies any inconsistencies therewith.

17. Defendant admits that it sent an acknowledgement letter to Plaintiff on or about May 5, 2023. The remainder of this paragraph consists of Plaintiff's characterization of Defendant's letter, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any inconsistencies therewith.

18. Defendant admits that as of the date of the Complaint no records pertaining to this request had been processed, however Defendant avers that responsive records were released on May 10, 2024.

### D. FGI'S FOIA REQUEST FOR RECORDS TO THE BUREAU OF LAND MANAGEMENT RELATING TO JOB CREATION

19. Defendant admits that Plaintiff submitted a FOIA request to the BLM on May 5, 2023. The remainder of this paragraph consists of Plaintiff's characterization of its request, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the Plaintiff's request for a full and accurate statement of its contents and denies any inconsistencies therewith.

20. Defendant admits that an acknowledgement letter was sent to Plaintiff confirming receipt of the FOIA request. The remainder of this paragraph consists of Plaintiff's

characterization of the letter, to which no response is required. To the extent any response is deemed required, Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any inconsistencies therewith.

21.     Defendant admits that as of the date of the Complaint, Defendant had released no records responsive to this request, however, Defendant avers that responsive records were released May 10, 2024.

## CAUSE OF ACTION

### (Violation of the FOIA: 5 U.S.C. 552)

22.     In response to Paragraph 22, Defendant hereby incorporates its responses to Paragraphs 1-21 above as if fully stated herein.

23.     Defendant admits that it has not issued a final determination as to Plaintiff's four requests and denies the remainder of this paragraph.

24.     This paragraph contains Plaintiff's characterization of the harm it may sustain and constitutes a conclusion of law, and, as it is not a statement of fact, no response is required. To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The information requested in Plaintiff's FOIA requests may be exempt in whole or in part under FOIA, *see* 5 U.S.C. § 552(b), or one or more other statutory exemptions or exclusions.

**Second Defense**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

**Third Defense**

Plaintiff is neither eligible for nor entitled to attorney's fees and costs.

**Fourth Defense**

Defendant is not improperly withholding any responsive records.

**Fifth Defense**

Plaintiff has failed to adequately describe the records it is seeking.

June 20, 2024                                                       Respectfully submitted,

                                      MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/*Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-2510
Thomas.duffey@usdoj.gov